UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:18-CV-14147-ROSENBERG/REINHART

CLEO H. SMITH *as Personal Representative of the Estate of Demarcus Semer, deceased*,

    Plaintiff,

v.

CITY OF FORT PIERCE, RALPH HOLMES, and BRIAN MACNAUGHT,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant City of Fort Pierce's ("the City") Motion to Dismiss Counts VI through IX of the Corrected Third Amended Complaint [DE 57]. The Court has reviewed the Motion to Dismiss, Plaintiff's Response [DE 63], the City's Reply [DE 64], and the record and is fully advised in the premises. For the reasons set forth below, the Motion to Dismiss Counts VI through IX of the Corrected Third Amended Complaint is granted.

### I.    FACTUAL BACKGROUND[1]

Shortly before midnight on April 23, 2016, Officer Ralph Holmes of the Fort Pierce Police Department ("Officer Holmes") initiated a traffic stop of the car that Demarcus Semer ("Semer") was driving. DE 56 at 3-5. Officer Holmes approached the car on the driver's side, obtained Semer's driver's license and proof of insurance, and told Semer that he had been pulled over for

---

1 The Court accepts the facts alleged in the Corrected Third Amended Complaint as true for the purpose of ruling on the Motion to Dismiss. *See West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017) (stating that a court considering a motion to dismiss accepts as true the facts as forth in the complaint and draws all reasonable inferences in the plaintiff's favor).

speeding. *Id.* at 5-6. Sergeant Brian MacNaught of the Fort Pierce Police Department ("Sergeant MacNaught") arrived on the scene, opened the front passenger door of Semer's car, and inserted his head into the car. *Id.* at 3, 5, 7.

Officer Holmes would later report that he saw marijuana seeds on the car's dashboard and detected a strong odor of marijuana. *Id.* at 6. Without asking Semer to exit the car or informing him that he was under arrest, Officer Holmes opened the driver's side door, attempted to forcibly remove Semer from the car, and deployed his Taser on Semer, although the Taser had no effect. *Id.* at 7-8, 10, 12. Sergeant MacNaught climbed into the front passenger seat to prevent Semer from leaving the scene. *Id.* at 8-9, 14. When the car began to move forward, Officer Holmes unholstered his firearm and fired three times at either Semer or the car. *Id.* at 9-10.

Meanwhile, Sergeant MacNaught and Semer physically struggled with one another inside the car, and Sergeant MacNaught would later report that he believed that the gunshots came from a firearm in Semer's possession. *Id.* at 10-11. Sergeant MacNaught deployed his Taser into Semer's chest, and the car came to a stop. *Id.* at 11-12. Semer exited and began to run from the car and had run for approximately 40 yards when Sergeant MacNaught shot him, hitting him in the back. *Id.* at 12, 14-15. Semer died from the gunshot wound. *Id.* at 4, 14-16.

## II. PROCEDURAL BACKGROUND

In April 2018, Plaintiff, the Personal Representative of Semer's Estate, filed a Complaint against the City, Officer Holmes, and Sergeant MacNaught under 42 U.S.C. §§ 1983 and 1985, also alleging state law claims of assault, battery, and negligence. DE 1. Plaintiff subsequently filed a First Amended Complaint that removed the claims brought under § 1985 and the assault claim. DE 8. Count I of the First Amended Complaint sought relief under § 1983 from Sergeant

2

MacNaught in his individual capacity for an unlawful *Terry* stop, unreasonable use of force, and failure to intervene in Officer Holmes's constitutional violations. *Id.* at 14-18. Count II sought relief under § 1983 from Officer Holmes in his individual capacity for an unlawful *Terry* stop and unreasonable use of force. *Id.* at 18-20. Count III sought relief under § 1983 from the City for failure to adequately train employees and for customs or policies of encouraging or condoning unlawful *Terry* stops and unreasonable uses of force. *Id.* at 20-29. Counts IV and V were state law claims of battery and negligence against the City, and Counts VI and VII were state law claims of battery against Office Holmes and Sergeant MacNaught. *Id.* at 29-31. Following a Status Conference in July 2018, the Court ordered Plaintiff to file a Second Amended Complaint to clearly identify each constitutional right allegedly violated and to address Defendants' objection that the First Amended Complaint combined more than one alleged violation into a single count. DE 25 at 1-2.

Plaintiff then filed a Second Amended Complaint. DE 33. Counts I, II, and III sought relief under § 1983 from Sergeant MacNaught in his individual capacity for an unlawful *Terry* stop, unreasonable use of force, and failure to intervene in Officer Holmes's constitutional violations. *Id.* at 15-24. Counts IV and V sought relief under § 1983 from Officer Holmes in his individual capacity for an unlawful *Terry* stop and unreasonable use of force. *Id.* at 24-30. Count VI sought relief under § 1983 from the City for failure to adequately train employees and for customs or policies of encouraging or condoning unlawful *Terry* stops and unreasonable uses of force. *Id.* at 30-38. Counts VII and VIII were state law claims of battery and negligence against the City, and Counts IX and X were state law claims of battery against Office Holmes and Sergeant MacNaught. *Id.* at 38-41.

3

The City moved to dismiss Counts VI, VII, and VIII of the Second Amended Complaint on the bases that (1) Count VI was a shotgun pleading in that the Count comingled multiple theories of liability and incorporated nearly all of the preceding allegations; (2) the allegations in Count VI were conclusory and failed to state a claim for relief; (3) the City could not be held liable for battery or negligence under Florida law when Plaintiff alleged that Office Holmes and Sergeant MacNaught acted willfully and maliciously; and (4) Count VIII was premised on Office Holmes's and Sergeant MacNaught's negligent use of force, which was not a viable tort under Florida law. DE 35. The Court held a motion hearing in September 2018, after Plaintiff had responded to the Motion to Dismiss. *See* DE 44, 57-1.

The Court granted in part and denied in part the City's Motion to Dismiss. DE 50. The Court dismissed Count VI of the Second Amended Complaint without prejudice and with leave to amend and ordered Plaintiff to "state each theory of municipal liability in a separate count," "not reincorporate prior allegations in any count unless those allegations support the particular claim asserted in that count," and "include additional specific factual allegations to support each count." *Id.* at 1-2. The Court dismissed Count VII without prejudice and with leave to amend and ordered Plaintiff to refrain from "reincorporate[ing] allegations that would render Count VII internally inconsistent, including but not limited to allegations that Defendants Ralph Holmes and Brian MacNaught engaged in 'vile' and 'flagrant' conduct and acted 'maliciously.'" *Id.* at 2. Finally, the Court dismissed Count VIII with prejudice because Florida law does not recognize a claim of negligent use of force. *Id.* Plaintiff then filed a Corrected Third Amended Complaint, which is the subject of the Motion to Dismiss that is currently before the Court. *See* DE 56, 57.

## III. LEGAL STANDARD

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may grant a party's motion to dismiss a pleading if the pleading fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

A Rule 12(b)(6) motion to dismiss should be granted only when a pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor. *West*, 869 F.3d at 1296. "But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## IV. ANALYSIS

### A. Count VI

Plaintiff alleges in Count VI of the Corrected Third Amended Complaint that the City is liable due to customs or policies of encouraging or condoning uses of impermissible *Terry* stop tactics, uses of unreasonable force, and failures to intervene in constitutional violations. DE 56 at

31-33, 37-38. Plaintiff further alleges that the City ratified Officer Holmes's and Sergeant MacNaught's unconstitutional decisions and actions by failing to conduct an adequate investigation into the traffic stop and by accepting Officer Holmes's and Sergeant MacNaught's versions of what occurred during the traffic stop, the results of the St. Lucie County Sheriff's Office's sound auditory testing, and the results of the Indian River Sheriff's Office's auditory ballistic testing. *Id.* at 32-36.

The City moves to dismiss Count VI on the bases that it (1) comingles several alleged constitutional violations, (2) incorporates unnecessary preceding allegations, and (3) fails to state a plausible claim for relief. DE 57 at 3, 5-12. Plaintiff responds that Semer "suffered one set of injuries, for violations of one constitutional right, due to a combination of a variety of wrongful acts" and that Count VI adequately puts the City on notice of the claims that Plaintiff is pursuing. DE 63 at 2-5, 16-25.

To impose liability on a municipality under § 1983 for injuries that employees caused, a plaintiff must show that his constitutional right was violated, that the municipality had a custom or policy that constituted deliberate indifference to the constitutional right, and that the custom or policy caused the constitutional violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). The requirement of a custom or policy ensures that the municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 1290 (quotation marks omitted).

A custom is a practice that is so settled and permanent that it takes on the force of law. *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A policy is a decision that is

officially adopted by the municipality or created by an official of such rank that he could be said to be acting on behalf of the municipality. *Id.* It generally is necessary to show a persistent and widespread practice to demonstrate a custom or policy. *McDowell*, 392 F.3d at 1290. Random acts and isolated incidents normally are insufficient to establish a custom or policy. *Denno v. Sch. Bd. of Volusia Cty.*, 218 F.3d 1267, 1277 (11th Cir. 2000); *see also Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (stating that proof of a single incident of unconstitutional activity is insufficient to impose § 1983 liability on a municipality). A municipality's failure to correct the constitutionally offensive actions of employees may rise to the level of a custom or policy if the municipality tacitly authorized the actions or displayed deliberate indifference toward the misconduct. *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987).

A municipality can be held liable on the basis of ratification when a subordinate public official makes an unconstitutional decision and when someone with final policymaking authority then adopts that decision. *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016). The final policymaker must ratify not only the decision itself, but also the unconstitutional basis for it. *Matthews v. Columbia Cty.*, 294 F.3d 1294, 1297 (11th Cir. 2002); *see also Campbell v. Rainbow City*, 434 F.3d 1306, 1313 (11th Cir. 2006) (stating that, "in order for a municipality to be liable under a ratification theory, the final policy maker must ratify not only the decision of its member with an unconstitutional motive, but also the unconstitutional basis itself"). The fact that the policymaker may have known about the unconstitutional basis for the subordinate's decision is insufficient to show that the policymaker ratified that basis. *Matthews*, 294 F.3d at 1298.

Plaintiff does not allege that the City has officially adopted a policy that encourages or condones uses of impermissible *Terry* stop tactics, uses of unreasonable force, and failures to

7

intervene in constitutional violations. *See generally* DE 56 at 31-39. Rather, Plaintiff alleges that the City has developed an unofficial custom of encouraging or condoning such acts through the inadequate manner in which the City has handled employees' constitutional violations in the past. *Id.* at 33, 36-38. Plaintiff contends that the City knew that employees were engaging in unconstitutional behavior, failed to conduct adequate investigations into constitutional violations, and failed to take corrective action to address constitutional violations. *Id.*

Plaintiff, however, fails to include factual allegations about any prior incidents of constitutional violations or any ways in which prior investigations were deficient. *Cf. Smith v. Owens*, 625 F. App'x 924, 927-28 (11th Cir. 2015) (affirming the dismissal with prejudice of a claim in an initial complaint that supervisory corrections officials established policies or customs of accepting harsh prison living conditions and prison violence and abuse when "the complaint failed to allege any facts underpinning these allegations or otherwise supporting a plausible claim for relief"); *Barr v. Gee*, 437 F. App'x 865, 874-75 (11th Cir. 2011) (affirming the dismissal with prejudice of a claim in a first amended complaint that a county had a custom of tolerating constitutional violations when the plaintiff "offered no factual allegations to support a plausible inference that such a custom existed"); *Vila v. Miami-Dade Cty.*, 65 F. Supp. 3d 1371, 1378-80 & n.2 (S.D. Fla. 2014) (dismissing with prejudice claims against municipalities in a second amended complaint when the plaintiff's "allegations of a pattern of constitutional violations [were] stated almost entirely as legal conclusions, without any supporting facts" and when the complaint failed "to identify a single other incident, must less the numerous incidents required to show a widespread pattern"). Plaintiff's allegation that the City mishandled employees' constitutional violations in the past is conclusory and lacks factual support. *See Ashcroft*, 556 U.S. at 678

(stating that a pleading fails to state a plausible claim for relief when it contains only labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement).

Plaintiff does point to alleged deficiencies in the investigation of the traffic stop at issue in this case. *See* DE 56 at 33-36. However, this single investigation is insufficient to show a widespread pattern that would reach the level of a custom or policy. *See Craig*, 643 F.3d at 1310-11 (stating that a single incident is not so pervasive or widespread as to be a custom). In addition, the subsequent investigation into the traffic stop could not have caused the constitutional violations that allegedly occurred during the stop. *See McDowell*, 392 F.3d at 1289 (stating that a plaintiff must show that a custom or policy caused the violation of his constitutional rights to impose § 1983 liability on a municipality). Plaintiff has failed to plead a plausible claim that the City has a custom or policy that caused a violation of Semer's constitutional rights.

Plaintiff similarly has failed to plead a plausible claim for relief under a ratification theory. Although Plaintiff alleges that the City ratified Officer Holmes's and Sergeant MacNaught's unconstitutional decisions and actions by failing to conduct an adequate investigation, she does not allege that the City ratified any unconstitutional motive that Officer Holmes and Sergeant MacNaught may have had for their decisions or actions. *See* DE 56 at 33-36; *see also Campbell*, 434 F.3d at 1313 (stating that, "in order for a municipality to be liable under a ratification theory, the final policy maker must ratify not only the decision of its member with an unconstitutional motive, but also the unconstitutional basis itself"). Plaintiff has failed to plead facts that would support a conclusion that the City is liable on the basis of ratification. *See Ashcroft*, 556 U.S. at 678 (stating that a "claim has facial plausibility when the plaintiff pleads factual content that

9

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Based on the foregoing, Count VI of the Corrected Third Amended Complaint fails to state a claim on which relief may be granted. When a more carefully drafted complaint might state a claim for relief, a court generally must give a plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). A court, however, need not allow amendment when (1) there has been undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. *Id.* Here, the Court has permitted multiple prior amendments of the Complaint. The Court notified Plaintiff during the September 2018 motion hearing that, when repleading her § 1983 claims against the City, Plaintiff would need to include additional, specific factual allegations because the existing allegations were "largely conclusory and may not be sufficient to state a claim for relief." DE 57-1 at 7. The Court ordered Plaintiff to "include additional specific factual allegations" when repleading the § 1983 claims against the City. DE 50 at 2. Plaintiff failed to do so. Given Plaintiff's failure to cure the pleading deficiencies despite explicit instruction and multiple opportunities to cure the deficiencies, the Court concludes that it is inappropriate to permit Plaintiff to amend the Complaint for a fourth time.

In addition, the Court concludes that permitting additional amendment of the Complaint would be futile because Plaintiff does not have facts to enable her to plead a plausible *Monell* claim against the City. As the Court stated during the September 2018 motion hearing: "It [is] the Court's expectation that the facts are there. If the Plaintiff does not know them by the Third

Amended Complaint, it is to stay they don't exist." DE 57-1 at 15. If Plaintiff had additional facts to support her *Monell* claim, she would have included them in what is now a fourth version of the Complaint. Count VI is dismissed with prejudice.

### B. Count VII

Plaintiff alleges in Count VII of the Corrected Third Amended Complaint that the City is liable for failing to adequately train and supervise Officer Holmes and Sergeant MacNaught in the areas of *Terry* stop tactics, uses of force, and the obligation to intervene in constitutional violations. DE 56 at 39-41. Plaintiff contends that Officer Holmes's and Sergeant MacNaught's prior disciplinary records, as well as other incidents of "law enforcement officers killing and/or seriously injuring innocent citizens," notified the City of a need for additional training and supervision. *Id.* at 40-41. Plaintiff further alleges that the City failed to adequately train its officers in how to conduct proper investigations into officer behavior. *Id.* at 41.

The City moves to dismiss Count VII on the bases that it (1) comingles several alleged constitutional violations, (2) incorporates unnecessary preceding allegations, (3) fails to state a plausible claim for relief, and (4) acknowledges that Officer Holmes and Sergeant MacNaught were familiar with the policies and procedures concerning *Terry* stops and uses of force. DE 57 at 3, 5-7, 13-16. Plaintiff responds that Count VII adequately puts the City on notice of the claims that she is pursuing. DE 63 at 5-10.

Municipal liability may be based on a claim of inadequate training "where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants such that the failure to train can be properly thought of as a city policy or custom." *Sewell*, 117 F.3d at 489 (alteration and quotation marks omitted). The plaintiff must

show that the municipality inadequately trained or supervised employees, that this failure was a municipality policy, and that the policy caused the employees to violate the plaintiff's constitutional rights. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

Deliberate indifference requires a showing that the municipality knew of a need to train or supervise in a particular area and made a deliberate choice to take no action. *Id.* Without notice of a need to train or supervise in a particular area, the municipality cannot be liable for any failure to train or supervise. *Id.* "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quotation marks omitted).

Plaintiff alleges that police officers' prior unconstitutional behavior, as well as Officer Holmes's and Sergeant MacNaught's disciplinary records that include "prior instances of constitutionally impermissible conduct materially similar" to their violations of Semer's rights, put the City on notice of a need for training or supervision. DE 56 at 40-41. Plaintiff, however, fails to include factual allegations about even a single prior incident that may have put the City on notice of a need for training or supervision. *Cf. Martin v. Wood*, 648 F. App'x 911, 915-16 (11th Cir. 2016) (affirming the dismissal of a claim in an amended complaint of failure to train when the plaintiff failed to identify a single incident outside of his own that was constitutionally suspect)*; Hall v. Smith*, 170 F. App'x 105, 108 (11th Cir. 2006) (affirming the dismissal of a claim in an initial complaint of failure to train and supervise when the plaintiff "alleged no factual support for his conclusory statement that the City had a policy or custom of grossly inadequate supervision and training of its employees"). Plaintiff's allegation that the City was on notice of a need for training and supervision due to past violations is conclusory and lacks factual support.

*See Ashcroft*, 556 U.S. at 678 (stating that a pleading fails to state a plausible claim for relief when it contains only labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement). Plaintiff has failed to plead a plausible claim that the City failed to train or supervise employees.

Moreover, the Court notes that, while Plaintiff alleges in Count VII that Officer Holmes and Sergeant MacNaught were inadequately trained in *Terry* stop tactics, uses of force, and the obligation to intervene, Plaintiff has incorporated inconsistent factual allegations into Count VII. *See* DE 56 at 39. Specifically, Plaintiff alleges in incorporated paragraphs that Officer Holmes and Sergeant MacNaught were "well aware of the written policies, standard operating procedures of [the Fort Pierce Police Department], as well as state and national police standards applicable to *Terry* stops." *Id.* at 16, 25, 39. Plaintiff further alleges in incorporated paragraphs that Officer Holmes and Sergeant MacNaught were "aware that the written policy of [the Fort Pierce Police Department] limits [the] use of force that one of its officers may use to that which reasonably appears necessary to affect lawful objectives." *Id.* at 22, 29, 39. A court ruling on a motion to dismiss accepts as true the factual allegations in the complaint, but "need not accept factual claims that are internally inconsistent." *Campos v. Immigration & Naturalization Serv.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998).

Based on the foregoing, Count VII of the Corrected Third Amended Complaint fails to state a claim on which relief may be granted. For the same reasons discussed with respect to Count VI, the Court concludes that it is inappropriate to permit Plaintiff to amend the Complaint for a fourth time and that additional amendment would be futile. Count VII is dismissed with prejudice.

C.     Count VIII

Plaintiff alleges in Count VIII of the Corrected Third Amended Complaint that the City is vicariously liable for Officer Holmes's and Sergeant MacNaught's battery of Semer. DE 56 at 42. Plaintiff contends that Officer Holmes and Sergeant MacNaught "acted intentionally but not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Id.*   Count VIII incorporates numerous preceding allegations. *See id.* at 42. The incorporated allegations include allegations that Sergeant MacNaught's *Terry* stop violations, including his unlawful use of force against Semer, were "willful and wanton acts and/or omissions" and "intentional, flagrant, and vile actions." *Id.* at 16-19, 42. The incorporated allegations also include an allegation that Officer Holmes's *Terry* stop violations, including his unlawful use of force against Semer, were "willful and wanton acts and/or omissions." *Id.* at 25-27, 42.

The City moves to dismiss Count VIII on the bases that it fails to comply with the Court's Order that the battery claim against the City be repled and incorporates allegations that demonstrate the City's sovereign immunity. DE 57 at 3-4, 16-17. Plaintiff responds that she incorporated approximately 150 numbered allegations into Count VIII and that the City has "clutched onto five of them" as demonstrating immunity. DE 63 at 11-12. Plaintiff further responds that factual issues exist related to the applicability of sovereign immunity. *Id.* at 12-14.

If a complaint contains a claim that is facially subject to an affirmative defense, such as sovereign immunity, the claim may be dismissed under Rule 12(b)(6). *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009). Sovereign immunity protects a state or its subdivision from suit unless the state has waived its sovereign immunity or Congress has abrogated sovereign

immunity. *Stroud v. McIntosh*, 722 F.3d 1294, 1297-98 (11th Cir. 2013). Florida has waived its sovereign immunity in certain tort actions. *See generally* Fla. Stat. § 768.28. However, the "state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent . . . committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Id.* § 768.28(9)(a); *see also Moore v. Miami-Dade Cty.*, 502 F. Supp. 2d 1224, 1235 (S.D. Fla. 2007) (concluding that a Florida county had sovereign immunity from state law claims when the complaint contained "express allegations of malicious, wanton, or willful conduct by the County's employees").

This Court notified Plaintiff during the September 2018 motion hearing that, while it was permissible to plead alternative claims, it was inappropriate to include inconsistent factual allegations within a claim. DE 57-1 at 9-14; *see Campos*, 32 F. Supp. 2d at 1343 (stating that a court ruling on a motion to dismiss accepts as true the factual allegations in the complaint, but "need not accept factual claims that are internally inconsistent"). Plaintiff's counsel indicated that he understood and that he had no objection. DE 57-1 at 13. The Court dismissed the battery claim against the City without prejudice and with leave to amend, ordering Plaintiff to refrain from "reincorporate[ing] allegations that would render Count VII internally inconsistent, including but not limited to allegations that Defendants Ralph Holmes and Brian MacNaught engaged in 'vile' and 'flagrant' conduct and acted 'maliciously.'" DE 50 at 2. Count VIII of the Corrected Third Amended Complaint does not comply with the Court's Order or cure the deficiencies in the prior complaint.

The incorporated allegations that Officer Holmes and Sergeant MacNaught acted willfully and wantonly in using force against Semer demonstrate that the City has sovereign immunity from

15

liability for any battery that those employees committed. *See* Fla. Stat. § 768.28(9)(a). Count VIII of the Corrected Third Amended Complaint is facially subject to an affirmative defense and, thus, fails to state a claim on which relief may be granted. *See LeFrere*, 582 F.3d at 1263.

As with Counts VI and VII, the Court concludes that it is inappropriate to permit Plaintiff to amend the Complaint to plead a plausible battery claim against the City and that additional amendment would be futile. Plaintiff failed to cure the pleading deficiencies in the battery claim despite explicit instruction on how to do so. If Plaintiff could frame the battery claim in a way that did not demonstrate the City's sovereign immunity, it is expected that she would have done so in the fourth version of the Complaint. Count VIII is dismissed with prejudice.

### D. Count IX

Plaintiff alleges in Count IX of the Corrected Third Amended Complaint that the City was negligent in failing to supervise Officer Holmes and Sergeant MacNaught to prevent them from "negligently deciding" to use force against Semer. DE 56 at 43-44. The City moves to dismiss Count IX on the bases that (1) the Court previously dismissed with prejudice Plaintiff's negligence claim against the City; (2) the Court did not permit Plaintiff to replead her negligence claim; (3) the time to amend pleadings has passed; and (4) Count IX is premised on a claim of negligent use of force, which Florida law does not recognize. DE 57 at 4, 17-8. Plaintiff responds that Count IX states a new claim for relief that has not been dismissed with prejudice. DE 63 at 14.

The deadline to amend pleadings in this case was July 6, 2018. DE 3 at 4. The Court permitted out-of-time amendments of the § 1983 and battery claims against the City, but dismissed with prejudice the negligence claim against the City. DE 50 at 1-2. The Court said nothing about

16

permitting Plaintiff to replead the negligence claim, nor did Plaintiff seek leave to replead the claim.

In addition, like the dismissed negligence claim, Count IX is premised on Officer Holmes's and Sergeant MacNaught's negligent use of force against Semer. *See* DE 56 at 43. As this Court previously pointed out, Florida law provides that "it is not possible to have a cause of action for negligent use of excessive force because there is no such thing as the negligent commission of an intentional tort." *City of Miami v. Sanders*, 672 So. 2d 46, 48 (Fla. 3d Dist. Ct. App. 1996) (quotation marks omitted). Plaintiff continues to fail to plead a plausible negligence claim against the City. For all of these reasons, Count IX of the Corrected Third Amended Complaint is dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss Counts VI through IX of the Corrected Third Amended Complaint [DE 57] is **GRANTED**. Counts VI through IX of the Corrected Third Amended Complaint are **DISMISSED WITH PREJUDICE**.

Counts I through V, X, and XI are § 1983 and battery claims against Officer Holmes and Sergeant MacNaught [DE 56 at 16-31, 44-45]. Those counts are not the subject of the Motion to Dismiss, and the Court notes that Officer Holmes and Sergeant MacNaught have filed Answers to the Corrected Third Amended Complaint [DE 58, 59].

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of November, 2018.

/s/ Robin L. Rosenberg
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record